**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSHUA JOHN MARANEY,<br><br>Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF PENNSYLVANIA, *et al.*,<br><br>Defendants. | ) | Civil Action No. 2:26-354<br><br>District Judge Christy Criswell Wiegand<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 11 |

**<u>REPORT AND RECOMMENDATION</u>**

## I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Amended Complaint, ECF No. 11, be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. Dismissal should be without prejudice to Belmont Forsythe filing a proceeding in his own right, if he wishes to do so, and with prejudice as to Plaintiff Joshua John Maraney ("Maraney").

## II. REPORT

Maraney currently is detained at the Greene County Jail in Waynesburg, Pennsylvania. Maraney is a recent and prolific filer of frivolous lawsuits in this Court, and has been banned from proceeding *in forma pauperis* in future cases unless he can show imminent danger of serious physical injury to himself. <u>See</u> Civil Action No. 26-704, ECF Nos. 5 and 7.

On April 22, 2026, the undersigned issued an initial Report and Recommendation recommending that all claims raised in the initial Complaint, ECF No. 6, be dismissed with prejudice with respect to Maraney, but without prejudice to Forsythe proceeding in his own right at a new cause of action, ECF No. 8. The bases for that Recommendation were that Maraney lacked standing to raise claims for violations of Forsythe's constitutional rights in which Maraney

had no personal involvement, and that Maraney had failed to establish next-friend status. Id. at 5 and 6. The initial Report and Recommendation is incorporated by reference herein.

Maraney filed Objections to the initial Report and Recommendation on May 1, 2026. ECF No. 9. He also filed an Amended Complaint on the same date. ECF No. 11. In light of the Amended Complaint, the undersigned withdrew the initial Report. ECF No. 12.

As best as the undersigned can tell, in the Amended Complaint, Maraney seeks the initiation of federal criminal charges against a state court judge based on her involvement in state criminal proceedings at Docket No. CP-26-CR-887-2014. Id. at 2. Maraney does not provide much in the way of allegations of fact; however, a review of public state court records reveals that this proceeding involves Belmont Forsythe – and not Maraney. Com. v. Forsythe, No. CP-26-CR-887-2014 (C.C.P Fayette Cnty. filed May 11, 2014) (available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-26-CR-0000887-2014&dnh=xsf7hX3u3UrafvydmzXHiA%3D%3D (last visited October 2, 2026)).

Maraney's Amended Complaint fails to cure the deficiencies of his initial Complaint. As explained in the initial Report and Recommendation, ECF No. 8, he lacks standing to proceed as the plaintiff in a case asserting constitutional violations allegedly suffered by another individual, and which do not involve him personally. Moreover, Maraney, as a *pro se* inmate who is not an attorney, may not represent another inmate in federal court. Cahn v. United States, 269 F. Supp. 2d 537, 547 (D.N.J. 2003); Caputo v. Fauver, 800 F. Supp. 168, 170 (D.N.J. 1992); Osei-Afriye v. Medical College of Pa., 937 F.2d 876, 883 (3d Cir. 1991); Collingru v. Palmyra Bd. of Educ., 161 F.3d 225, 232 (3d Cir. 1998) (overruled in part on other grounds, Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516, 535 (1994)). It is simply plain error to

permit a *pro se* inmate litigant to represent fellow inmates. Whalen v. Wiley, No. 06-809, 2007 WL 433340 *2 (D. Colo. Feb. 1, 2007).

Furthermore, as Maraney is well-aware from the resolution of similar claims in his other cases, only the United States Attorney may file criminal charges in federal court. See, e.g., United States v. Panza, 381 F. Supp. 1133, 1133-34 (W.D. Pa. 1974).

The law is clear that Maraney may not proceed with the claims that he has raised in his Amended Complaint, and any leave to amend would be futile. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (a plaintiff should be given opportunity to amend a deficient civil rights complaint unless doing so would be inequitable or futile). Therefore, this case should be dismissed with prejudice as to Maraney. See, e.g., Credico v. Unknown Off. for U.S. Drone Strikes, 537 F. App'x 22, 23 (3d Cir. 2013) (affirming, based on lack of standing, dismissal without grant of leave to amend where amendment would be futile). That said, dismissal should be without prejudice to Belmont Forsythe proceeding in his own right at a new cause of action, if he wishes to do so.

It is important to underscore that this is not a ruling on the merits of any claim that Belmont Forsythe might bring based on the sparse facts that Maraney alleges. Indeed, recommendation that this case should be dismissed ***without prejudice*** to Belmont Forsythe proceeding in his own right emphasizes that fact. However, the law is clear that Maraney simply may not bring these claims on Forsythe's behalf, or insert himself as the plaintiff here. Any leave for Maraney to file yet another amended complaint would be futile; and is likely to be abused given Maraney's litigation history. See Civil Action No. 26-704, ECF Nos. 5 and 7. Therefore, this Court should foreclose that opportunity, and dismiss this case ***with prejudice*** to Maraney's further involvement in Forsythe's claims.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Amended Complaint, ECF No. 11, be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. Dismissal should be with prejudice with respect to Maraney, but without prejudice to Belmont Forsythe proceeding in his own right at a new cause of action, if he wishes to do so.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Date: October 2, 2026

Respectfully submitted,

Maureen P. Kelly

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Christy Criswell Wiegand
United States District Judge

Joshua John Maraney
1122255
Greene County Jail
855 Rolling Meadows Road
Waynesburg, PA 15370